NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

AUG 4 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIO CESAR VELASQUEZ HUANCA, | No.    14-71562 |
| Petitioner, | Agency No. A070-664-077 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016[**]

Before:    SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Julio Cesar Velasquez Huanca, a native and citizen of Peru, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum and withholding

of removal.   We have jurisdiction under 8 U.S.C. § 1252.   We review for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.   See Fed. R. App. P. 34(a)(2).

substantial evidence the agency's factual findings, *Ochoa v. Gonzales*, 406 F.3d 1166, 1169 (9th Cir. 2005), *abrogated on other grounds as recognized by Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), and we deny the petition for review.

Substantial evidence supports the agency's finding that Velasquez Huanca failed to establish a nexus between the harm he experienced from members of the Shining Path and a protected ground. *See Sinha v. Holder*, 564 F.3d 1015, 1021 (9th Cir. 2009) (Under pre-REAL ID Act standards, a petitioner must show that his persecutors "were motivated, at least in part, by a protected ground.") (internal quotation marks and alterations omitted); *Ochoa*, 406 F.3d at 1171-72 (concluding that narco-traffickers targeted petitioner because he owed them money, not because of his imputed political opinion). Substantial evidence also supports the agency's determination that Velasquez Huanca failed to demonstrate an objectively well-founded fear of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative"). Thus, his asylum claim fails.

Because Velasquez Huanca did not demonstrate eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of

removal.   *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**